UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Mohamed Ouahman

    v.                                   Civil. No. 11-cv-075-SM

James O'Mara, Superintendent,
Hillsborough County Department
of Corrections[1]


**O R D E R**

Mohamed Ouahman has filed a complaint (doc. no. 1) and an addendum to the complaint (doc. no. 3),[2] pursuant to 42 U.S.C. § 1983, asserting that his federal constitutional rights have been violated during his pretrial detention at the Hillsborough County House of Corrections ("HCHC"). The matter comes before the court for preliminary review to determine, among other things, whether the complaint states any claim upon which relief might be granted. See 28 U.S.C. § 1915A(a); Rule 4.3(d)(2) of

---

[1] Aside from James O'Mara, no defendants are listed in the caption of plaintiff's complaint. The narrative of the complaint, however, identifies Sgt. Barnes as an intended defendant to this action. Accordingly, the court construes the complaint as having named Barnes as a defendant.

[2] The addendum (doc. no. 3) arrived at the court as a letter. As the letter sought to supplement the factual allegations in the complaint, the court has construed the document as an addendum to the complaint. The complaint (doc. no. 1) and the addendum (doc. no. 3) will be considered, in the aggregate, to comprise the complaint in this matter for all purposes.

the Local Rules of the United States District Court for the District of New Hampshire ("LR").

In a report and recommendation issued simultaneously with this order, the court has found that Ouahman has stated a claim against Sgt. Barnes of the HCHC for a violation of his Fourteenth Amendment due process rights by subjecting him to punitive restrictive housing as a pretrial detainee. As fully explained in the report and recommendation, Ouahman has asserted additional claims upon which relief might be granted, but has failed to name defendants to those claims. Those claims are as follows:

- Ouahman's Fourteenth Amendment due process right not to be punished as a pretrial detainee has been violated by: (a) unhygienic conditions of confinement; (b) deprivation of food; and (c) excessive force.

- Ouahman's right to practice his Muslim faith, as guaranteed by the First Amendment and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1 et seq., has been violated by HCHC officials denying him access to a Qur'an and a prayer rug.

If Ouahman seeks to pursue these claims, he must move to amend his complaint to name the individual defendants

responsible for the rights violations alleged.[3] In addition to identifying each defendant by name, Ouahman must state in his amended complaint, with specificity, what each defendant did or failed to do that violated Ouahman's rights. Once Ouahman has successfully moved to amend his complaint,[4] the court will direct service upon those defendants properly identified therein.

In the report and recommendation, the court has recommended dismissal of Ouahman's remaining claims. The court has also recommended that defendant James O'Mara be dismissed from the action.

**Service**

Ouahman has not completed a summons forms for Sgt. Barnes, the sole defendant against whom service is authorized at this time. The Clerk's Office is directed to forward a blank summons form to Ouahman. Ouahman must, within ten days of receiving the blank summons form, complete the summons form for Barnes and return it to the Clerk's Office.

Upon receipt of the completed summons form for Barnes, the Clerk's Office is directed to issue the summons and forward to

---

[3] In the report and recommendation, the court notes that if Ouahman does not have the names of the officers he seeks to sue, he may request those names from Barnes in discovery once Barnes has been served with the complaint.

[4] Ouahman's motion to amend the complaint should contain completed summons forms for each defendant against whom he wishes to pursue this action.

3

the United States Marshal for the District of New Hampshire (the "U.S. Marshal's office"): the summons; copies of the complaint (doc. nos. 1 and 3); the report and recommendation issued this date; and this order. Upon receipt of the necessary documentation, the U.S. Marshal's office shall effect service upon defendant. See Fed. R. Civ. P. 4(c)(2).

Defendant is instructed to answer or otherwise plead within twenty-one days of service. See Fed. R. Civ. P. 12(a)(1)(A).

Ouahman is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the defendant by delivering or mailing the materials to him or his attorney(s), pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date: August 29, 2011

cc: Mohamed Ouahman, pro se

LBM:jba