### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW HAMPSHIRE

Mohamed Ouahman

    v.                  Civil No. 11-cv-075-SM

James O'Mara, Superintendent,
Hillsborough County Department
of Corrections et al.

### O R D E R

Mohamed Ouahman filed an initial complaint (doc. no. 1) on February 22, 2011, and an addendum to the complaint (doc. no. 3) on April 27, 2011.[1]  The court then conducted a preliminary review of this matter pursuant to 28 U.S.C. § 1915A(a) and Local Rule 4.3(d)(2).  After preliminary review, the court, on August 29, 2011, issued an order (doc. no. 6) directing service of one claim, alleging unconstitutionally restrictive conditions of confinement, on one defendant, Hillsborough County Department of Corrections ("HCDC") Sgt. Sydney Barnes.  On that date, the court also directed Ouahman to amend his complaint to name defendants to certain claims and to state what each defendant did or failed to do to violate Ouahman's rights.

---

[1]The complaint (doc. no. 1) and addendum (doc. no. 3) were construed, in the court's August 29, 2011, Report and Recommendation (doc. no. 5) to comprise, in the aggregate, the complaint in this matter.

Presently before the court is Ouahman's motion to amend the complaint (doc. no. 7) and an addendum thereto (doc. no. 10). These documents identify additional defendants to the claims previously raised.  The documents also seek to add new claims to this action.

### Motion to Amend

Ouahman filed his motion to amend (doc. no. 7) on September 7, 2007, and an addendum thereto (doc. no. 10) on September 27, 2011.  Barnes has objected to the motion to amend (doc. no. 13). A plaintiff has a right to amend his complaint within twenty-one days after an answer is filed.  Fed. R. Civ. P. 15(a)(1)(B). Because Ouahman's motion to amend (doc. no. 7) and addendum (doc. no. 10) were filed prior to the filing of Barnes's answer (doc. no. 13), and because the motion to amend was filed pursuant to this court's August 29 Order (doc. no. 6), the motion to amend (doc. no. 7) is GRANTED.  The addendum (doc. no. 10) is accepted.  Both the motion to amend and the addendum will be considered to be part of the complaint in this matter for all purposes.

### Service of Claims

I.  <u>Barnes</u>

The initial complaint and addendum (doc. nos. 1 and 3) have already been served on one defendant to this action, Sgt. Sydney

Barnes, (doc. no. 9).  Barnes filed his answer to the initial complaint on October 5, 2011 (doc. no. 11).

In a Report and Recommendation issued simultaneously with this Order, the court has found that Ouahman has stated additional claims against Barnes asserting violations of the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc, et seq. ("RLUIPA"), and the Free Exercise Clause, for denying Ouahman a Qur'an.  Although Barnes need not be served with the complaint again, Barnes will be given twenty-one days to respond to the additional claims asserted against him in the newly filed addenda to the complaint (doc. nos. 7 and 10).

## II.  Scurry

As discussed in the Report and Recommendation issued this date, Ouahman has stated cognizable claims against HCDC Lt. Scurry under RLUIPA and the Free Exercise Clause, alleging that he was denied a Qur'an, a prayer rug, and the opportunity to observe Ramadan.  Accordingly, the court directs service of these claims on Scurry.

Ouahman has not provided a summons form for defendant Scurry.  The Clerk's office is directed to forward a blank summons form to Ouahman.  Ouahman must, with ten days of receiving the blank summons form, complete the summons form for Scurry, and return it to the Clerk's office.  Upon receipt of

the completed summons form, the Clerk's office is directed to issue the summons and forward to the United States Marshal for the District of New Hampshire (the "U.S. Marshal's office"): the summons; copies of the complaint (doc. nos. 1, 3, 7, and 10); the Report and Recommendation issued August 29, 2011 (doc. no. 5); the Order issued August 29, 2011 (doc. no. 6); the Report and Recommendation issued this date; and this Order.  Upon receipt of the necessary documentation, the U.S. Marshal's office shall effect service upon defendant Scurry.  See Fed. R. Civ. P. 4(c)(3).

Defendant Scurry is instructed to answer or otherwise plead within twenty-one days of service.  See Fed. R. Civ. P. 12(a)(1)(A).

Ouahman is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the defendant by delivering or mailing the materials to him or his attorney(s), pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date:  October 25, 2011

cc:  Mohamed Ouahman, pro se
     John A. Curran, Esq.

LBM:jba