**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


Mohamed Ouahman

       v.                                    Civil No. 11-cv-075-SM

Sergeant Sydney Barnes, III;
and Lieutenant Willie Scurry


**REPORT AND RECOMMENDATION**


     Mohamed Ouahman, who was a pretrial detainee at the
Hillsborough County House of Corrections ("HCHC") at all times
relevant to this action, has sued two HCHC correctional
officers.  Using the vehicle of 42 U.S.C. § 1983, he asserts
that defendants violated his rights under the First Amendment's
Free Exercise Clause, the Fourteenth Amendment's Due Process
Clause, and the federal Religious Land Use and Institutionalized
Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc-2000cc-5.  Before me
for a report and recommendation is defendants' motion for
summary judgment.  Ouahman has not objected.  Because
defendants' memorandum of law does not comply with the Local
Rules of this district, I recommend that their motion for
summary judgment be denied.

     The Local Rules provide that "[a] memorandum in support of
a summary judgment motion <u>shall</u> incorporate a short and concise

statement of material facts, supported by appropriate record citations, as to which the moving party contends there is no genuine issue to be tried." LR 7.2(b)(1) (emphasis added). At the spot in their memorandum where one would expect to find the short and concise statement of material facts required by LR 7.2(b)(1), defendants instead present a "Concise Statement of Allegations." See Defs.' Mem. of Law (doc. no. 27-1), at 1-4. The purpose of that discussion is not entirely clear, as it consists of defendants' characterization of this court's preliminary review of Ouahman's claims rather than a statement of the purportedly undisputed material facts of the case.

Later on in their memorandum, in the context of their claim-specific arguments, defendants do provide scattered descriptions of some of the material facts. See Defs.' Mem. of Law (doc. no. 27-1), at 5-7, 8-9, 11-14. But, at least some of those factual recitations are not adequately "supported by appropriate record citations." LR 7.2(b)(1). For example, the first paragraph on page six of defendants' memorandum begins this way:

> Mr. Ouahman failed to timely submit a request for
> a Ramadan compliant meal schedule (despite having made
> a request and been granted accommodation in August,
> 2010) prior to the passage of those holy days in 2001
> [sic]; he also failed to file any request that he be
> allowed to use a prayer mat. He did request prayer

2

> beads on two occasions, but never filed any grievance
> relative to a purported denial of access to them.
> Only with respect to the alleged denial of access to
> Koran did the plaintiff tender timely grievances
> (later withdrawing one of these).  Mr. Ouahman first
> grieved his lack of a Koran on April 7, 2011
> (Grievance No. 11-00255), but subsequently withdrew
> that grievance before adjudication; nevertheless,
> Captain Hiscoe noted that Lieutenant Scurry had
> advised the plaintiff how to request a Koran and
> prayer beads.[1]  See Cusson Affidavit at ¶¶ 14-17.

Defs.' Mem. of Law (doc. no. 27-1), at 6.  As a preliminary

matter, the court is somewhat troubled by the fact that the

first citation to the record comes at the end of the fourth

sentence of the paragraph, and by the fact that the citation

refers to four paragraphs of Marc Cusson's affidavit.

The foregoing concerns, however, could be dismissed as

extolling form over substance if paragraphs fourteen through

seventeen of Cusson's affidavit adequately supported the four

sentences that precede defendants' citation to those paragraphs.

As it turns out, paragraphs fourteen through seventeen of

Cusson's affidavit provide less evidentiary support than is

suggested by defendants' reliance on those paragraphs.  The

first sentence quoted above pertains to Ouahman's requests for a

---

[1] Throughout the paragraph from which this quotation was
drawn, and elsewhere in defendants' memorandum, they refer to
prayer beads.  This is somewhat puzzling, as the court has
construed Ouahman's First Amendment and RLUIPA claims to be
based on the denial of a Qur'an, a prayer rug, and a meal
schedule that allowed him to observe Ramadan.

meal schedule that would allow him to observe Ramadan and for a prayer mat.  Paragraphs fourteen through seventeen of Cusson's affidavit say nothing about Ramadan or a prayer mat.  Thus, the several factual statements in defendants' first sentence are not supported by appropriate record citations.  There may be support for those statements elsewhere in the record, or perhaps there is not.

In any event, the purpose of rules such as LR 7.2(b)(1) is to "prevent[ ] parties from 'improperly shift[ing] the burden of organizing the evidence presented in a given case to the district court.'"  Carreras v. Sajo, García & Partners, 596 F.3d 25, 31 (1st Cir. 2010) (quoting Mariani-Colón v. Dep't of Homeland Sec., 511 F.3d 216, 219 (1st Cir. 2007)); see also Colón-Fontánez v. Municipality of San Juan, 660 F.3d 17, 28 (1st Cir. 2011) (citation omitted) (explaining that purpose of Puerto Rico's "anti-ferret" rule "is to relieve the district court of any responsibility to ferret through the record to discern whether any material fact is genuinely in dispute") (quoting CMI Capital Mkt. Inv., LLC v. Gonzáles-Toro, 520 F.3d 58, 62 (1st Cir. 2008)).  Here, defendants' imprecision has indeed shifted the burden to the court to ferret through the record in search of evidence to support their factual assertions and to organize

4

the evidence presented into a coherent and properly supported statement of material facts.  That is a clear and material violation of LR 7.2(b)(1).  Because defendants' memorandum of law does not comply with LR 7.2(b)(1), I recommend that their motion for summary judgment, document no. 27, be denied.

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

June 14, 2012

cc:  Mohamed Ouahman, pro se
     John A. Curran, Esq.